IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| TAMARA REESE, JEREMY REESE *and* FAIR HOUSING PARTNERSHIP OF GREATER PITTSBURGH,<br>Plaintiffs,<br><br>v<br><br>WILLIAM JACOBOWITZ, RIFKIE JACOBOWITZ *and* EARNEST MILLER<br>Defendants. | 2:15-cv-1523 |

## MEMORANDUM OPINION AND ORDER OF COURT

Now pending before the Court is the MOTION TO DISMISS (ECF No. 8) filed by Defendants, with brief in support. Plaintiffs, through counsel, filed a joint brief in opposition to the motion (ECF No. 12) and it is ripe for disposition.

Factual Background

The Complaint sets forth one claim of discrimination under Title VIII of the Civil Rights Act of 1968, as amended by the Fair Housing Amendments Act of 1988, 42 U.S.C. § 3601 et seq. Plaintiffs are Tamara and Jeremy Reese, who rented an apartment owned by Defendants, and a non-profit advocacy organization, the Fair Housing Partnership of Greater Pittsburgh.

In June 2011, the Reese family began renting an apartment at 5863 Northumberland Street, Pittsburgh, PA. The apartment was owned by Defendants William and Rifkie Jacobowitz. Defendant Earnest Miller was the maintenance man for the building and occupied a downstairs apartment. The unit rented by the Reeses had approximately 1500 square feet of space, with two bedrooms and a den that could be used as a third bedroom.

At the time, the Reeses had one child. Shortly thereafter, they had a second child. The lease was renewed in May 2012 and May 2013. The Reeses never missed a payment. On November 19, 2013 the Reeses informed Defendants that they were expecting a third child in May 2014, the month that their lease typically renewed, and asked to renew the lease for another year. The lease provided that no more than four persons could occupy the apartment without consent of the owners. As pled, Defendants refused to renew the lease due to the pregnancy and stated: "on no, that's too many kids." Facing the prospect of having to move at the same time the new baby was to be born, the Reeses decided to move out in December 2013. Defendants then listed the apartment for rent.

The Reeses contacted the Fair Housing Partnership for assistance. The Partnership then arranged for fair housing testing. A control tester, who purported to be childless, was told by Defendant Miller that the security deposit was $100. A subsequent tester, who stated that the apartment would also be occupied by his wife and two children, was told that the security deposit was $1,100. At each showing, Miller made disparaging remarks about the Reese children.

Plaintiffs pursued administrative remedies through the United States Department of Housing and Urban Development and City of Pittsburgh Commission on Human Relations. During the course of these proceedings, Jacobowitz testified that he determined not to renew the lease because they "just didn't want all those kids up there." After the parties failed to resolve their dispute, this litigation was filed. In the motion to dismiss, Defendants contend that the Court lacks subject-matter jurisdiction; that Plaintiffs lack standing; and that the Complaint fails to allege a cognizable claim. The Court will address these contentions seriatim.

Subject-Matter Jurisdiction

Defendants' "jurisdictional" challenge pursuant to Fed. R. Civ. P. 12(b)(1) is without merit and requires little discussion. In this section of their brief, Defendants merely contend that the Reeses have not pled a prima facie case of discrimination because they voluntarily vacated the apartment. Such an argument, as a matter of law, does not deprive this Court of subject-matter jurisdiction. As explained in *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 89 (1998):

> It is firmly established in our cases that the absence of a valid (as opposed to arguable) cause of action does not implicate subject-matter jurisdiction, i.e., the courts' statutory or constitutional power to adjudicate the case. *See generally* 5A Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1350, p. 196, n. 8 and cases cited (2d ed.1990). As we stated in *Bell v. Hood*, 327 U.S. 678, 682, 66 S.Ct. 773, 776, 90 L.Ed. 939 (1946), "[j]urisdiction ... is not defeated ... by the possibility that the averments might fail to state a cause of action on which petitioners could actually recover."

It is beyond dispute that this Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1331 to adjudicate a claim arising out of a federal statute, the Fair Housing Act. *See also* 42 U.S.C. § 3613 ("An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of an alleged discriminatory housing practice, or the breach of a conciliation agreement entered into under this subchapter, whichever occurs last, to obtain appropriate relief with respect to such discriminatory housing practice or breach.") Defendants' argument regarding the alleged failure to plead a prima facie case will be construed as a motion for failure to state a claim, pursuant to Fed. R. Civ. P. 12(b)(6).

Standing

Defendants contend that Jeremy and Tamara Reese lack standing because: (1) they vacated the apartment prior to suffering an injury in fact; and (2) the relief sought is speculative and unlikely to redress their injury. Defendants apparently do not challenge the organizational standing of the Fair Housing Partnership.[1]

As the United States Court of Appeals for the Third Circuit has explained, "in a case alleging discrimination under the Fair Housing Act, the discrimination itself is the harm." *Alexander v. Riga*, 208 F.3d 419, 424 (3d Cir. 2000). The Fair Housing Act was intended by Congress to have "broad remedial intent." *Id*. at 425. The Fair Housing Act defines the term "discriminatory housing practice," in pertinent part, as follows: (a) To refuse to sell or rent after the making of a bona fide offer, or to refuse to negotiate for the sale or rental of, or otherwise make unavailable or deny, a dwelling to any person because of . . . familial status . . . ." 42 U.S.C. § 3604(a).

The Complaint in this case clearly alleges that Defendants engaged in a "discriminatory housing practice," in that they refused to renew the apartment lease of the Reeses because of their familial status. As the *Alexander* Court explained: "A prospective tenant must prove only that a landlord did one of the unlawful acts listed in section 3604 with respect to the prospective tenant's attempt to obtain housing. If an individual proves discrimination, he or she need not prove anything else." 208 F.3d at 427. In any event, the Reeses suffered a concrete injury-in-fact when they were forced to move from their preferred apartment.

Under the Fair Housing Act, this Court has broad powers to provide redress for Plaintiffs' claimed injuries. "If the court finds that a discriminatory housing practice has occurred or is

---

[1] Any such challenge would be meritless. *See Alexander*, 208 F.3d at 427 n.4 ("The FHP, a fair housing organization, is an "aggrieved person" under the statute and is entitled to obtain relief, including punitive damages.") (citations omitted).

4

about to occur, the court may award to the plaintiff actual and punitive damages, and subject to subsection (d) of this section, may grant as relief, as the court deems appropriate, any permanent or temporary injunction, temporary restraining order, or other order (including an order enjoining the defendant from engaging in such practice or ordering such affirmative action as may be appropriate)." 42 U.S.C. § 3613(c). In summary, Defendants' contentions that Plaintiffs lack standing are without merit.

Failure to State a Claim

A motion to dismiss pursuant to Rule 12(b)(6) challenges the legal sufficiency of a complaint, which may be dismissed for the "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6) Upon review of a motion to dismiss, the Court must accept all well-pleaded facts and allegations, and must draw all reasonable inferences therefrom in favor of the plaintiff. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 220 (3d Cir. 2011), *cert. denied*, 132 S. Ct. 1861 (2012) (citing *In re Ins. Brokerage Antitrust Litig.*, 618 F.3d 300, 314 (3d Cir. 2010)). However, as the Supreme Court of the United States has made clear in *Bell Atlantic Corp. v. Twombly*, such "[f]actual allegations must be enough to raise a right to relief above the speculative level." 550 U.S. 554, 555 (2007).

The Supreme Court later refined this approach in *Ashcroft v. Iqbal*, emphasizing the requirement that a complaint must state a plausible claim for relief in order to survive a motion to dismiss. 556 U.S. 662, 678 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 555). Nevertheless, "the plausibility standard is not akin to a 'probability requirement,'" but requires a plaintiff to show

"more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 555).

To determine the legal sufficiency of a complaint after *Twombly* and *Iqbal,* the United States Court of Appeals for the Third Circuit instructs that a district court must take a three step approach when presented with a motion to dismiss for failure to state a claim. *Santiago v. Warminster Twp.*, 629 F.3d 121, 130 n.7 (3d Cir. 2010) (noting that although *Iqbal* describes the process as a "two-pronged approach," it views the case as outlining three steps) (citing *Iqbal*, 556 U.S. at 675). First, "the court must "tak[e] note of the elements a plaintiff must plead to state a claim.'" *Id.* at 130 (quoting *Iqbal*, 556 U.S. at 675) (alteration in original). Second, the court "should identify allegations that, 'because they are no more than conclusions, are not entitled to the assumption of truth.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679). Third, "'where there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement for relief.'" *Id.* (quoting *Iqbal*, 556 U.S. at 679).

Accordingly, the Court must separate the factual and legal elements of the claim and "accept the factual allegations contained in the Complaint as true, but [ ] disregard rote recitals of the elements of a cause of action, legal conclusions, and mere conclusory statements." *James v. City of Wilkes-Barre*, 700 F.3d 675, 679 (3d Cir. 2012) (citing *Iqbal*, 556 U.S. at 678-79; *Twombly*, 550 U.S. at 555-57; *Burtch*, 662 F.3d at 220-21). The Court "must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a 'plausible claim for relief.' In other words, a complaint must do more than allege the plaintiff's entitlement to relief. A complaint has to 'show' such an entitlement with its facts." *Fowler v. UPMC Shadyside*, 578 F.3d 203, 211 (3d Cir. 2009) (citing *Iqbal* 556 U.S. at 678). The determination

for "plausibility" will be "'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" *Id*. at 211 (quoting *Iqbal*, 556 U.S. at 679).

However, nothing in *Twombly* or *Iqbal* changed the other pleading standards for a motion to dismiss pursuant to Rule 12(b)(6) and the requirements of Rule 8 must still be met. *See Phillips v. Co. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (internal citations omitted). The Supreme Court did not abolish the Rule 12(b)(6) requirement that "the facts must be taken as true and a complaint may not be dismissed merely because it appears unlikely that the plaintiff can prove those facts or will ultimately prevail on those merits." *Phillips,* 515 F.3d at 231 (citing *Twombly*, 550 U.S. at 553). Rule 8 also still requires that a pleading contain a "short and plain statement of the claim showing that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 677-78 (citing Fed. R. Civ. P. 8(a)(2)). While this standard "does not require 'detailed factual allegations,' [ ] it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation" and a "pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 679 (quoting *Twombly*, 550 U.S. at 544-55). Simply put, Rule 8 "does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions." *Iqbal*, 556 U.S. at 678-79.

To plead a prima facie case of discrimination under the Fair Housing Act, Plaintiffs must allege that (1) they are in a protected class, (2) they applied for and were qualified to rent or purchase housing, (3) they were rejected, and (4) the housing opportunity remained available." *Koorn v. Lacey Township*, 78 Fed. Appx. 199, 207 (3d Cir. 2003), *citing Robinson v. 12 Lofts Realty, Inc.*, 610 F.2d 1032 (2d Cir. 1979). Defendants contend that the Complaint fails to establish elements 2, 3 or 4.

Defendants arguments are not persuasive.  The Reeses were clearly qualified to rent the apartment at issue.  Indeed, they had been doing so for several years, and had renewed their lease at least twice.  The Reeses, allegedly, had never missed a rent payment.  The Complaint clearly alleges that their effort to renew the lease (for a third time) was rejected by Defendants.  Complaint ¶ 2, 21.  It is also clear that the reason for the rejection was that the Reeses would have "too many kids."  Complaint ¶ 21.  The Reeses did not begin to search for new housing until their effort to renew their lease on the apartment was rejected by Defendants.  Finally, the Complaint alleges that Defendants then took steps to rent out the apartment to a new tenant (and allegedly engaged in further disparate treatment toward prospective renters).  Complaint ¶ 25.  Thus, a prima facie case has been well pled.

Conclusion

In accordance with the foregoing, the MOTION TO DISMISS (ECF No. 8) filed by Defendants will be **DENIED**.  Defendants shall file an Answer on or before February 18, 2016.

An appropriate Order follows.

McVerry, S.J.

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **TAMARA REESE**, **JEREMY REESE** *and* **FAIR HOUSING PARTNERSHIP OF GREATER PITTSBURGH,**<br>Plaintiffs,<br><br>v<br><br>**WILLIAM JACOBOWITZ**, **RIFKIE JACOBOQITZ** *and* **EARNEST MILLER**<br>Defendants. | 2:15-cv-1523 |

## ORDER OF COURT

AND NOW, this 5th day of February, 2016, in accordance with the foregoing Memorandum Opinion, it is hereby **ORDERED, ADJUDGED,** and **DECREED** that the MOTION TO DISMISS (ECF No. 8) filed by Defendants is **DENIED**. Defendants shall file an Answer on or before February 18th, 2016.

BY THE COURT:

s/Terrence F. McVerry
Senior United States District Judge

cc:     **Kevin L. Quisenberry, Esquire**
        Email: kquisenberry@cjplaw.org
        **Donald Driscoll**
        Email: ddriscoll@cjplaw.org

        **Brad N. Sommer**
        Email: bns@sommerlawgroup.com